UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-08-22 |
| | § | (CIVIL ACTION NO. C-10-54) |
| JOSE MANUEL POLANCO; a.k.a. | § | |
| POLANCO-RODRIGUEZ; a.k.a. VAZQUEZ | | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Jose Polanco's ("Polanco") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (C-08-22 D.E.44; C-08-274 D.E. 27),[1] dated August 31, 2009. Polanco's motion was originally filed pursuant to 28 U.S.C. § 2241, but the Court gave Polanco notice that the motion would be recharacterized as a § 2255 motion and an opportunity to amend the motion.(C-08-22 D.E.43; C-08-274 D.E. 26). The government filed a response in which it also moved for dismissal of the motion. (C-08-22 D.E.46; C-08-274 D.E. 29). Polanco has filed no reply.

Polanco's claims fail on their merits. For these reasons, the Court DENIES his § 2255 motion. Additionally, the Court DENIES a Certificate of Appealability ("COA").

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. FACTS AND PROCEEDINGS

In November 2007, Jose Manuel Polanco, a.k.a. Carlos Vasquez was a passenger in a vehicle stopped for a traffic violation. He was suspected of being in the country illegally; a records check confirmed that he had previously been deported. In December 2007, Polanco was

---

[1] The two cases have been consolidated for purposes of this § 2255 motion, as they were for sentencing.

arrested as Carlos Vasquez for illegal reentry. (C-08-22 D.E. 1). Later in April 2008, a warrant was issued for his arrest for violation of the term of his supervised release on a drug trafficking offense in New Jersey. (C-08-274 D.E. 1). Jurisdiction over the supervised release violation was transferred to this Court.

Polanco was appointed the same Federal Public defender in both cases. Before he pleaded guilty in the illegal reentry case, the Court advised him of his sentencing exposure under the Guidelines and of potential enhancement based upon his previous criminal history. (C-08-22 D.E.31, 33). Despite the Court's admonishments, Polanco pleaded guilty after confirming the correctness of the government's recitation of the factual details of his offense at the second rearraignment. (C-08-22 D.E. 32 at 10/22). At Sentencing, Polanco did not object to the PSR, but requested a low end Guideline sentence of 57 months to run concurrently with his sentence in the revocation case. The government joined in the request for a low end Guideline sentence. (C-08-22 D.E. 33 at 5/11).

The Court found that the recommendation for a low end Guideline sentence was not a sufficient deterrent based on Polanco's previous criminal history which included drug possession and drug trafficking and his false statements to this and other Federal Courts. The Court sentenced Polanco in C-08-22 to 65 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, to be served consecutive to his sentence in Cr. No. C-08-274. (C-08-22 D.E. 25, 26). On the same date, the Court revoked his supervised release in C-08-274 and sentenced him to 36 months in the custody of the Bureau of Prisons, to be served consecutive to his sentence in C-08-22 and any state sentences. (C-08-274, D.E. 6, 7).

Polanco timely appealed from both judgments. (C-08-22 D.E. 23; C-08-274 D.E. 9). The Fifth Circuit affirmed both sentences in per curiam opinions, the first of which was issued

February 18, 2009. (C-08-22 D.E. 41). The second opinion was issued April 30, 2009. (Cr. No. C-08-274 D.E. 25).

### III.  MOVANT'S ALLEGATIONS

As described in this Court's notice of recharacterization, Polanco lists several grounds for relief, but all of them challenge his conviction or sentence imposed by this Court. First, he argues that he is being held illegally because the Court found facts in this case, instead of requiring the jury to find certain facts. He claims that this action by the Court violated his Fifth and Sixth Amendment rights. Although he does not refer by name to United States v. Booker, 543 U.S. 220 (2005), he does refer to the Supreme Court and references the date Booker was decided, January 12, 2005. Thus, it appears he is raising a Booker challenge to his sentence.

Second, Polanco claims that his access to legal reference materials in prison is impaired and that this inequality "works a disparity which makes one party superior to the other a basic unfairness, denial to equal access to the law." (C-08-22 D.E. 44 at 5; C-08-274 D.E. 27 at 5). In the "supporting facts" section of this ground for relief, Polanco makes repeated references to the fact that this Court lacked jurisdiction and that there were due process violations that resulted in any judgment by this Court being void. (C-08-22 D.E. 44 at 5-6; C-08-274 D.E. 27 at 5-6).

Polanco also contends that, at the time of his plea agreement, the United States Sentencing Guidelines were erroneously assumed to be valid and that, after they were declared invalid on January 12, 2005, he could not be sentenced based upon this "invalid law." He argues that it is therefore "absurd in the extreme" to claim that he could be subjected to the application of this "illegal statute." (C-08-22 D.E. 44 at 7; C-08-274 D.E. 27 at 7). Based on all these reasons, he claims that the sentence imposed upon him is a "void judgment" and he asks for immediate release. Id. at 6.

IV.  DISCUSSION

A.	28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

The government claims that Polanco's claims are procedurally barred and simply not cognizable because he has not shown cause and prejudice. Although not denominated a ground of relief, Polanco claims that his attorney on appeal did not raise the grounds he wished to raise. (C-08-22 D.E. 44, ¶ 9(f); C-08-274 D.E. 27, ¶ 9(f)). Out of an abundance of caution, even though Polanco does not separately claim his appellate counsel was ineffective, the Court will review Polanco's claims on their merits.

**I.      Booker Claims**

As an initial matter, this Court sentenced Polanco to a within guidelines sentence for the violation of his supervised release by illegally reentering after being deported and for the crime of illegal reentry (C-08-22, D.E. 26 (Judgment); (C-08-274, D.E. 7). The sentences run consecutively (C-08-22, D.E. 25, 33 at 15; C-08-274, D.E. 15 at 15).

In United States v. Booker, 543 U.S. 220, 244, 125 S.Ct. 738, 756 (2005), the Court held: reaffirmed its holding in Apprendi: "Any fact (other than a prior conviction) which is necessary to support a sentence *exceeding the maximum* authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. (emphasis added). After Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). The analysis of Polanco's Booker claims is slightly different for each sentence and will be addressed separately.

  1.    *Illegal Reentry*

The Sentencing range for the crime of illegal reentry, calculated based upon a base offense level of 24, less 3 points for acceptance of responsibility and a criminal history category IV, is 57-71 months. Polanco pleaded guilty to the charge of illegal reentry as set out in the indictment and after affirming the correctness of the factual rendition by the government's attorney. See section II, *infra*. Polanco's base level offense for illegal reentry was 8 which was increased by 16 points due to his prior conviction for a drug trafficking offense in New Jersey after which he was deported. (C-08-274, D.E. 17 ¶ 10).[2]  Polanco had criminal history resulting

---

[2] "Under the Guidelines, the offense level for unlawfully entering the United States is increased by sixteen levels if the defendant was previously deported after being convicted of a drug trafficking offense

in 6 points and a Criminal History category of IV which included 2 points added because he was on parole at the time of his illegal reentry.

Polanco was made aware of his exposure to enhancement due to his previous criminal record *before* he pleaded guilty. (See Call for Rearraignment, March 13, 2008, C-08-22, D.E. 31 at 4-8). During the Court's discussion of his prior criminal history, Probation preliminarily calculated a Criminal History Category V, more severe than as finally calculated. Id. at 7. The Court appointed another attorney, in addition to appointed counsel, to review the Guideline calculation predicatively so that Polanco could make an informed decision about his decision to plead guilty. Rearraignment was postponed for a month for further investigation of possible defenses. A month later, in March 2008, Polanco pleaded guilty to illegal reentry (C-08-222, D.E. 32); he was sentenced in May 2008 simultaneously with his sentencing in the supervised release case. (C-08-22, D.E. 33).

Polanco was not sentenced in excess of the maximum sentence; the only enhancements were based upon the fact of his prior convictions. Polanco's sentence was consistent with the holding in Booker. No constitutional violation is shown. Moreover, the enhancement by 16 points for a prior drug trafficking conviction does not violate Booker. See Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998) (holding that enhancement of penalty for illegal reentry due to previous criminal record is a sentencing factor, not element of crime); see

---

that resulted in a sentence of thirteen or more months of imprisonment. U.S.S.G. § 2L1.2(b)(1)(A)(I). A "drug trafficking offense" is defined as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, cmt. n.1(B)(iv)." United States v. Lopez-Salas, 513 F.3d 174, 177-78 (5th Cir. 2008) (applying 2006 Sentencing Guidelines). Polanco was sentenced using the 2008 Guidelines; this section was not amended for 2008.

also Lopez-Salas, 513 F.3d at 177 n.1 (Fifth Circuit rejects argument that Almendarez-Torres would be overruled in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000)).

To the extent that Polanco claims his appellate counsel was ineffective for failing to raise a Booker challenge on appeal, that claim is also denied. An attorney is not ineffective for failing to raise a meritless ground on appeal.[3]

2. *Supervised Release*

The revocation of Polanco's supervised release (C-08-274), was based upon two violations: 1) Polanco's commission of another crime, and 2) his illegal reentry and failure to report immediately. (C-08-274 D.E. 7). Polanco was sentenced to 36 months to run consecutively to his sentence for illegal reentry. (C-08-274 D.E. 6). The original crime for which Polanco received a term of supervised release following confinement in the Bureau of Prisons was conspiracy to possess with intent to distribute cocaine. (C-08-274 D.E. 1).

"The federal criminal statutory scheme envisions that there can be at least two components of a sentence: 1) a term of imprisonment up to the maximum prison term permitted in a statute delineating the penalty for a particular offense, such as sections 1708 and 3559, and 2) a term of supervised release as delineated in section 3583 with the potential for additional prison time if the terms of supervised release are violated." United States v. Hinson, 429 F.3d

---

[3] A criminal defendant is entitled to effective assistance of counsel on appeal, as well as at trial. "When a claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, 'the prejudice prong first requires a showing that [the Fifth Circuit] would have afforded relief on appeal.'" United States v. Reinhart, 357 F.3d 521, 530 (5th Cir. 2004) (quoting United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000)). "[T]o be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.' Strickland, 466 U.S. at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 692-93. This reasonableness standard requires counsel 'to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention.' Williamson, 183 F.3d at 462-63 (citations omitted)." Phillips, 210 F.3d at 348. When the issue that was not raised on appeal has no merit, counsel cannot be ineffective for failing to raise the issue. See Id.

114, 115-16 (5th Cir. 2005) (internal citations omitted). Although advisory sentencing guidelines apply to federal crimes, "[m]andatory sentencing guidelines have never been applicable to revocation of supervised release, only advisory policy statements apply to sentences imposed upon revocation." Id. at 117. Accordingly the Booker concerns that lead to the change to advisory application of the Sentencing Guidelines are not applicable here. See id.

Furthermore, a defendant is not entitled to a jury trial in a revocation proceeding. Id. (citing Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Johnson v. United States, 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000)). Polanco's Booker claim as to sentencing in his revocation proceeding fails.

To the extent that Polanco claims his appellate counsel was ineffective for failing to raise a Booker challenge on appeal, that claim is also denied. An attorney is not ineffective for failing to raise a meritless ground on appeal. Phillips, 210 F.3d at 348.

C.   **Due Process**

Polanco claims that he is denied access to legal reference materials while in prison which results in a disadvantage compared the government and claims he is denied due process on that ground. C-08-22 D.E. 44; C-08-274 D.E. 27).

Convicted inmates enjoy a right of adequate, effective and meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498,(1977), overruled on other grounds, so they will have "a reasonable opportunity to file nonfrivolous legal claims challenging [their] convictions or conditions of confinement." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir.1999) (citing Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). "[P]rison authorities . . . [are thus required to] assist inmates in the preparation and filing

of meaningful legal papers by providing . . . adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at, 828, 97 S.Ct. at 1498.

An inmate who claims to have suffered a deprivation of access to library resources must show he has suffered an actual injury stemming from the defendants' unconstitutional conduct. Lewis, 518 U.S. at 351-54, 116 S.Ct. 2174; Ruiz v. United States, 160 F.3d 273, 275 (5th Cir.1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); Chriceol v. Phillips, 169 F.3d 313 (5th Cir.1999). Here, Polanco merely claims his access to legal materials is not as great as that of the government[4] without stating what information he needs that he could not obtain or what injury has resulted therefrom. Polanco neither claims nor demonstrates any concrete harm from the disparity and thus, does not state any basis for relief under this Circuit's precedent.

### D. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)."The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Although Polanco has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted, even before one is requested); see also Rivers v. Quarterman, 661 F. Supp.2d 675, 703 (S.D. Tex. 2009).

---

[4] In that respect, Polanco is no different than most other litigants, including those represented by counsel. Disparity in resources alone does not state any Constitutional violation.

Because Polanco has not made the required substantial showing of the denial of a constitutional right, his claims do not require this Court to certify any issue for appellate consideration. This Court will not issue a COA.

## V.  CONCLUSION

For the foregoing reasons, Polanco's motion to vacate, set aside or correct his sentence (C-08-22, D.E. 44; C-08-274 D.E. 27) is DENIED. Additionally, Jose Manual Polanco a.k.a. Carlos Vasquez is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 15th day of December, 2010.

_____
Janis Graham Jack
United States District Judge